Jackson, C. J.
1. Where it is shown that a private way has been in constant and uninterrupted use for seven years or more, with no legal steps taken to abolish the same, the obstruction of it is unlawful', and such obstruction may be removed on petition to the Ordinary. Code, §§737, 738; Acts 1872, p. 60.
2. Whilst the way is confined by the law to a tract of fifteen feet (Code, §721; 61 Ga., 2930) ; yet the mere running around one spot until *96 the road there could be repaired within a few hours, which was done- and it was immediately resumed as the way again, is not such an increase of width as to break the continuance of the use of it.
H. C. Cameron ; Porter Ingram, by John Peabody, for- plaintiffs in error.
W. A. Little; J. M. Mobley, for defendants.
3. The Constitutional provision in the first paragraph of the third Section of the first article of the Constitution (Code, 5025), which declares that “In cases of necessity private ways may be granted upon just compensation being first paid by the applicant,” has no application, to a private way acquired by prescription by seven years continuous-use of the way.
i. The doctrine that prescriptive titles to the fee in real estate by-seven years possession can not originate in consent, because the possession there must be adverse all the time does not prevail or apply to a. right of way, under the act of 1872, and the Code, for the reason that knowledge and acquiescence of the owner of the"lands is of the very essence of the right of way against the owner. He must have six months knowledge to make the right of way against him complete (Code, § 731); and “steps must be taken to prevent the enjoyment of the way” by the owner, -to stop the continuance of the use, or it will ripen, into a prescription though he acquiesce silently or consent openly alt the time. Code §§ 738, 737; Acts of 1872, p. 60.
5. Where testimony conflicts, the Ordinary settles that, conflict, and-the Court below was right not to disturb his settlement of the issues of fact on such a conflict as this record shows.
Judgment affirmed.